# United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 7345 | DATE | NOV 05 2012 |
| CASE TITLE | Mark Warren (#2012-0827178) v. Anita Alvarez | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to proceed *in forma pauperis* [#3] is granted and the initial filing fee is waived. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608 to facilitate compliance with the order. Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. Plaintiff remains responsible for the filing fee. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g).

■ [For further details see text below.] Docketing to mail notices.

## STATEMENT

Plaintiff has filed a complaint pursuant to the Civil Rights Act, 42 U.S.C. § 1983, alleging violations of his rights. More specifically, Plaintiff alleges he is being maliciously prosecuted and illegally detained in his state court criminal proceedings, pursuant to an unspecified unconstitutional statute. He is suing Anita Alvarez, the State's Attorney for Cook County.

Plaintiff's motion to proceed *in forma pauperis* is granted. According to the statement submitted with his *in forma pauperis* application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a suit brought by a prisoner at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state a claim as a matter of law.

**(CONTINUED)**

AWL

12 NOV -5 PM 2:53
U.S. DISTRICT COURT

## STATEMENT

Plaintiff's claim appears to be, in part, one for malicious prosecution. Malicious prosecution is not actionable in federal court. *Newsome v. McCabe*, 256 F.3d 747, 750-51 (7th Cir. 2001). While Plaintiff may not pursue his claim for malicious prosecution in federal court, he may, should he choose (and there is no other matter barring it) bring his malicious prosecution claim in state court. *Id.*

Additionally, Plaintiff's state criminal proceedings appear from his complaint to be still ongoing. The alleged "unconstitutional conduct" may continue to be litigated in state court and may be further litigated either on his direct appeal or in other collateral state proceedings. A federal court may not interfere with state criminal proceedings, and abstention is appropriate when a plaintiff invokes federal jurisdiction for the purpose of restraining or otherwise interfering with state criminal proceedings. *See Younger v. Harris*, 401 U.S. at 53; *Douglas v City of Jeannette*, 319 U.S. 157 (1943); *Simpson v. Rowan*, 73 F.3d 134, 138-9 (7th Cir. 1995). Even if his state court criminal proceedings were complete, any relief to which Plaintiff might be entitled would be through a petition for a writ of habeas corpus, and not a § 1983 action. (assuming he can meet the requirements of 28 U.S.C. § 2254). *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *see also Whitlock v. Johnson*, 153 F3d 380, 389 (7th Cir. 1998). The Court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497,500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.* In short, once Plaintiff's state court criminal proceedings have been completed, and he has exhausted his direct appeals and collateral proceedings, he still would not be entitled to relief under§ 1983, he would need to seek relief pursuant to 28 U.S.C. § 2254.

Further, "Prosecutors are absolutely immune from suits for monetary damages under § 1983 for conduct that is "intimately associated with the judicial phase of the criminal process." *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). If the Anita Alvarez were intentionally engaging in wrongdoing in their prosecution of Plaintiff, then she would be subject to criminal sanctions as well as professional discipline; however, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also, Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Accordingly, Anita Alvarez is immune from suit.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g). Plaintiff is warned that he has accumulated three strikes (because he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), therefore, moving forward, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non- meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).